UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| TRAVIS D. TUCKER | : | |
| | : | |
| VS. | : | CIVIL NO. |
| | : | |
| UNIVERSITY OF HARTFORD | : | DECEMBER 19, 2016 |

## COMPLAINT

1. This is an action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.*, to redress the deprivation by the defendant of rights secured to the plaintiff by the laws of the United States.  The defendant discriminated against the plaintiff in employment on the grounds of his race and gender.

2. Jurisdiction of this court is invoked under the provisions of Sections 1331, 1343(3), 1367(a) and 2201(a) of Title 28 and Sections 1981 and 2000e of Title 42 of the United States Code.

3. During all times mentioned in this action, the plaintiff was, and still is, an adult citizen of the United States residing in New Haven, Connecticut.  He is an African-American male.

4. During all times mentioned in this action, the defendant was and is a

1

private nonstock corporation in the State of Connecticut. It is and at all relevant times was an employer within the meaning of the aforesaid statutes and at all relevant times employed more than one hundred individuals.

5. The plaintiff has complied with all of the procedural prerequisites to suit under the statutes aforementioned, having filed timely complaints of employment discrimination with the Office of Civil Rights of the United States Department of Justice on or about November 23, 2015, and with the United States Equal Employment Opportunity Commission on or about April 2016, and having received a Notice of Right to Sue dated October 24, 2016.

6. The plaintiff has been employed as an Assistant Professor of Philosophy at the defendant University since August 2007.

7. From the spring of 2010 to the present, the plaintiff has been the victim of an obsessive stalker named Valerie Anderson, who at one time was a student in the plaintiff's Introduction to Philosophy course. She has followed the plaintiff, sent him numerous communications, and among other things has announced that she wants to have his baby. There has never been any personal relationship of any kind between her and the plaintiff.

8. Since 2013, the defendant has been aware that Ms. Anderson had been accused of threatening local children with a gun and that she constitutes a potential serious danger.

9. The plaintiff has repeatedly asked for protection from the aforementioned stalker but his requests have been ignored by the defendant. Among other things, the plaintiff met with Interim Dean of the College of Arts and Sciences Katherine Black and explained in detail the stalking to which he was being subjected and requested protection. Nothing was done. In December 2014 the plaintiff complained of the same at a faculty meeting attended by the Dean, Assistant Chief of Police Michael Kaselouskas, and more than one hundred faculty members. Again, nothing was done. In April 2015 and May 2015, the plaintiff again reported his fears and concerns to the Dean, and again nothing was done to protect him. Again in September 2015 and October 2015 the plaintiff complained again to his Department Chair Marcia Moen, who informed the plaintiff on November 11, 2015, that Provost Sharon Vasquez had been made aware of the plaintiff's concerns. Once again, however, nothing was done to protect the plaintiff.

10. However, in 2013, when a Caucasian female employee of the defendant, Susan Gottlieb, made a similar complaint about the aforesaid stalker to officials of the defendant, prompt action was taken to protect Ms. Gottlieb from her.

11. In the manner described above, the plaintiff has been subjected to disparate treatment in his employment and his race and gender were in part

3

responsible for the said disparity.

12. As a result of the aforesaid disparate treatment, the plaintiff has suffered severe anxiety and fear and has been substantially impeded in carrying out his responsibilities as an educator.

WHEREFORE, the plaintiff claims judgment against the defendant as follows:

A. Compensatory damages in an amount this court shall consider to be just, reasonable and fair;

B. Punitive damages in an amount this court shall consider to be just, reasonable and fair;

C. Attorney fees and the costs of this action;

D. Such other relief as this court shall consider to be fair and equitable.

THE PLAINTIFF

BY: /s/ (ct00215)
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
203-562-9931
Fax: 203-776-9494
jrw@johnrwilliams.com
His Attorney